UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 2:19-CR-20-3-TLS-JPK |
| JULIO PERALTA | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Julio Peralta's objection to the Presentence Report ("PSR"), as submitted to the Court in the Addendum to the PSR [ECF No. 96]. For the reasons set forth below, the Defendant's objection is OVERRULED.

**FACTUAL AND PROCEDURAL BACKROUND**

Sometime prior to June 16, 2018, California law enforcement agencies were investigating the Defendant for drug trafficking. As a part of this investigation, Los Angeles law enforcement wiretapped the Defendant's phone. On June 16, 2018, the Chicago DEA was informed that the Defendant was sending two men—his Co-Defendants Flavio Valle and Gerardo Saavedra—to the area to distribute cocaine. By using GPS information, law enforcement determined that Co-Defendants Valle and Saavedra were staying at an Econo Lodge in Gary, Indiana.

The Chicago DEA began surveilling the motel and eventually approached Co-Defendants Valle and Saavedra. Co-Defendant Valle gave permission to search his motel room, where law enforcement found two bricks of cocaine and approximately $27,000. Through both the wiretap on the Defendant's phone and interviews with Co-Defendants Valle and Saavedra, law enforcement learned it was the Defendant who sent Co-Defendants Valle and Saavedra to Indiana to distribute the cocaine.

On February 21, 2019, an Indictment [ECF No. 1] was filed in this Court charging the Defendant with two drug trafficking offenses. The Defendant, pursuant to a Plea Agreement [ECF No. 64], pled guilty to Count 1 of the Indictment, charging him with conspiring to distribute and conspiring to possess with the intent to distribute 500 grams of a mixture or substance containing a detectable amount of cocaine. *See* Change of Plea Hr'g, ECF No. 70. The Court adjudged the Defendant guilty of Count 1 of the Indictment on September 2, 2020. *See* ECF No. 75.

On November 12, 2020, the Draft PSR [ECF No. 87] was filed. On December 1, 2020, the Defendant filed his Objections to the Draft PSR [ECF No. 93]. The Final PSR and the Addendum to the PSR [ECF Nos. 95, 96] were then filed on December 11, 2020. The Addendum to the PSR indicates that the Defendant objects to a two-level upward adjustment for playing an aggravating role in the offense. Addendum to the PSR 1–2, ECF No. 96. The Defendant reiterated his objection in his Sentencing Memorandum [ECF No. 104], which was filed on January 20, 2021. As the Defendant's objection concerns facts and issues that are relatively straightforward, no additional briefing was ordered.

## LEGAL STANDARD

Section 2D1.1 of the Sentencing Guidelines sets forth the method by which sentencing courts are to determine the base offense level for a conviction for a drug trafficking offense. U.S. Sentencing Guidelines Manual § 2D1.1 (U.S. Sentencing Comm'n 2018). After a sentencing court determines the base offense level and whether any specific offense characteristics are present, it must then consider whether any of the adjustments contained within Chapter 3 of the Sentencing Guidelines are applicable. At issue in the instant case is whether an upward

adjustment should be made to the Defendant's offense level for his role in the offense pursuant to § 3B1.1 of the Sentencing Guidelines.

Facts relevant to sentencing must be proved by a preponderance of the evidence, *United States v. England*, 555 F.3d 616, 622 (7th Cir. 2009); however, "any fact that increases the penalty of a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," *United States v. Krieger*, 628 F.3d 857, 863 (7th Cir. 2010) (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). "A district court may rely on facts asserted in the PSR if the PSR is based on sufficiently reliable information." *United States v. Rollins*, 544 F.3d 820, 838 (7th Cir. 2008) (citing *United States v. Schroeder*, 536 F.3d 746, 752 (7th Cir. 2008); *United States v. Artley*, 489 F.3d 813, 821 (7th Cir. 2007)).

## ANALYSIS

The PSR recommends that the Defendant receive a two-level upward adjustment for his aggravating role in the offense pursuant to § 3B1.1(c). Section 3B1.1(c) permits a sentencing court to increase a defendant's offense level by two levels for playing an aggravating role—such as an organizer, leader, manager, or supervisor—in a smaller criminal enterprise. Sentencing Guidelines Manual § 3B1.1(c) (U.S. Sentencing Comm'n 2018). In contrast, § 3B1.1(a) and (b), which provide for a four- or three-level increase respectively, apply in circumstances where the criminal activity involves "five or more participants or is otherwise extensive." *Id.* § 3B1.1(a), (b).

### A. Aggravating Role

Section 3B1.1(c) can only be applied to a defendant if he or she acted as an "organizer, leader, manager, or supervisor" in a criminal activity that involved fewer than five participants or was not otherwise extensive. *Id.* § 3B1.1. Whether § 3B1.1(a) or (b) should apply instead of

3

§ 3B1.1(c) is not at issue.[1] Thus the Court must only consider whether the Defendant acted as an organizer, leader, manager, or supervisor to determine if the enhancement should apply.

Section 3B1.1 does not define who is to be considered an organizer, leader, manager, or supervisor; rather, it outlines the following seven factors for sentencing courts to consider when assessing a particular defendant's involvement in the criminal activity:

> 1) the exercise of decision-making authority; 2) the nature of participation in the commission of the offense; 3) the recruitment of accomplices; 4) the claimed right to a larger share of the fruits of the crime; 5) the degree of participation in planning or organizing the offense; 6) the nature and scope of the illegal activity; and 7) the degree of control and authority exercised over others.

*United States v. Mustread*, 42 F.3d 1097, 1104 (7th Cir. 1994) (citing Sentencing Guidelines Manual § 3B1.1 cmt. n.4). Although the Sentencing Guidelines instruct that these factors are to be used to distinguish "a leadership and organizational role from one of mere management or supervision," Sentencing Guidelines Manual § 3B1.1 cmt. n.4, sentencing courts have also used them to determine whether the defendant played an aggravating role in the offense, *see United States v. Bennett*, 708 F.3d 879, 891 (7th Cir. 2013) (citing cases using the application note four factors to determine whether the defendant had any sort of leadership position).

Although each of the above described factors may (and should) be considered, the factors are not dispositive and are not to be weighed equally. *Mustread*, 42 F.3d at 1104. Ultimately, the sentencing court's "primary goal in applying § 3B1.1 should be to make a 'commonsense judgment about the defendant's relative culpability given [the defendant's] status in the criminal hierarchy.'" *United States v. House*, 883 F.3d 720, 724 (7th Cir. 2018) (quoting *United States v. Dade*, 787 F.3d 1165, 1167 (7th Cir. 2015)); *United States v. Grigsby*, 692 F.3d 778, 790 (7th

---

[1] The Government does not contend that § 3B1.1(a) or (b) should apply. Furthermore, nothing in the PSR indicates that the criminal activity involved more than five participants, and the facts contained in the PSR depict the act at issue as a standard drug trafficking offense, which does not constitute extensive criminal activity.

4

Cir. 2012) ("Thus, we held in *Figueroa* that a manager or supervisor should be straightforwardly understood as simply someone who helps manage or supervise a criminal scheme." (citing *United States v. Figueroa*, 682 F.3d 694, 697–98 (7th Cir. 2012))). Indeed, "slavish adherence to [the factors] is unnecessary." *Bennett*, 708 F.3d at 891 (quoting *Mustread*, 42 F.3d at 1104 n.3.).

The Seventh Circuit has instructed that a key inquiry of the sentencing court's analysis should be "whether the defendant exercised some control over at least one other participant," *Mustread*, 42 F.3d at 1104; *see also Figueroa*, 682 F.3d at 697 ("If a judge, a probation officer, a lawyer, even a defendant, doesn't know what a 'manager' or 'supervisor' is, Application Note 4 isn't going to help him."). For the purposes of § 3B1.1, "a defendant exercises control and authority over another when [the defendant] 'tells people what to do and determines whether they've done it.'" *United States v. Weaver*, 716 F.3d 439, 443 (7th Cir. 2013) (quoting *Figueroa*, 682 F.3d at 697). However, the application of § 3B1.1 "requires ongoing supervision, not a one-off request from one equal to another during the course of the criminal activity." *Weaver*, 716 F.3d at 444 (citing *Figueroa*, 682 F.3d at 697–98).

The Seventh Circuit has also indicated that the application of § 3B1.1 is not limited to defendants who exercised control over others. *See House*, 883 F.3d at 725 (citing *Dade*, 787 F.3d at 1167). "In addition to exercising control, a defendant also fits into one of § 3B1.1's aggravating roles if he was responsible for organizing others for the purpose of carrying out the crime." *Id.* (quoting *Dade*, 787 F.3d at 1167); *see also United States v. Fisher*, 39 F. App'x 389, 391 (7th Cir. 2002) ("At a minimum the defendant must have 'exercised some control over others involved in the commission of the offense,' such as by 'orchestrating or coordinating the activities of others.'" (quoting *United States v. Gracia*, 272 F.3d 866, 877 (7th Cir. 2001)));

5

*Gracia*, 272 F.3d at 877 ("It is sufficient that the defendant orchestrated or coordinated the activities of others." (citing *United States v. Fones*, 51 F.3d 663, 666 (7th Cir. 1995))).

The facts and details contained in the PSR do not clearly demonstrate that the Defendant maintained control over either Co-Defendant Valle or Saavedra. The PSR indicates that the Defendant "sent" his co-defendants to Indiana to distribute three kilograms of cocaine to an unnamed individual. However, the PSR contains information concerning only one instance of trafficking. Thus, the Court cannot determine whether the Defendant repeatedly sent his co-defendants to Indiana or whether this was a one-off request from one equal to another during the course of the criminal activity. *See Weaver*, 716 F.3d at 444. As such, the Defendant sending his co-defendants to Indiana on one occasion, without additional information concerning the hierarchical structure of the drug trafficking organization, does not warrant applying the enhancement.

Regardless, the enhancement should be applied. Paragraph 14 of the PSR indicates that the Defendant played some role in organizing the transaction. In the Addendum to the PSR, the Government and Probation both assert that the Defendant gave his co-defendants directions and instructions, such as where they should park the car leading up to the transaction, where they would find and how to access the cocaine, how and when they should conduct the transaction, and what they should say to the customer. Addendum to the PSR 3–5, ECF No. 96. The Defendant himself admits that his "role in the criminal activity to which he pled guilty consisted of coordinating movement of Valle and Saavedra and the potential buyers." *Id.* at 1. The Defendant's conduct organized others for the purpose of carrying out the crime, which warrants the application of the enhancement under § 3B1.1. *See House*, 883 F.3d at 725.

## CONCLUSION

For the reasons stated above, the Court OVERRULES the Defendant's objection contained in the Addendum to the PSR [ECF No. 96].

SO ORDERED on February 4, 2021.

                                                  s/ Theresa L. Springmann
                                                  JUDGE THERESA L. SPRINGMANN
                                                  UNITED STATES DISTRICT COURT